# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MANDINGO BOOBYYAA,**
**D.O.C. # 250833,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　Case No.  4:21cv224-MW-MAF

**MARK INCH, SECRETARY,**
**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated a case in this Court by submitting a motion requesting leave to proceed in forma pauperis, ECF No. 2, and a document entitled "petition for writ of mandamus," ECF No. 1. An Order was entered on June 7, 2021, explaining why Plaintiff's in forma pauperis motion was insufficient to proceed as filed.  ECF No. 4.  Plaintiff was required to file an amended in forma pauperis motion by **July 6, 2021**.

Additionally, Plaintiff was advised that his "petition for wit of mandamus" was also insufficient to proceed because this Court does not have mandamus jurisdiction over state officials.  ECF No. 4.  Because

Plaintiff complained that state prison officials wrongfully took money from his inmate account, Plaintiff was informed that such a claim could properly be presented in a case brought under 42 U.S.C. § 1983.  Thus, Plaintiff was also provided a civil rights complaint form and directed to file a proper "complaint" if he wanted to continue this litigation.

No response to that Order has been received, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . "  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on July 13, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**